UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                                    Chapter 7

Magella Echevarria,                                                         Case No. 8-12-76248-las

                              Debtor.
---------------------------------------------------------------X

**NOTICE OF THE TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER
AUTHORIZING THE TRUSTEE TO SETTLE A PERSONAL INJURY ACTION, PAY
SPECIAL COUNSEL ITS COMPENSATION AND REIMBURSEMENT OF EXPENSES,
AND PAY THE DEBTOR HER FEDERAL PERSONAL INJURY EXEMPTION**

        **PLEASE TAKE NOTICE** that, upon the application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Magella Echevarria (the "Debtor"), by his attorneys, Thaler Law Firm PLLC, a hearing will be held before the Honorable Louis A. Scarcella, United States Bankruptcy Judge for the Eastern District of New York, 290 Federal Plaza, Courtroom 760, Central Islip, New York 11722, on December 4, 2014, at 10:00 a.m., to consider the Trustee's motion, seeking entry of an Order authorizing the Trustee to: (i) settle the Debtor's personal injury action for $150,000.00; (ii) pay the Trustee's special counsel $52,937.69 for compensation and reimbursement of expenses; and (iii) pay the Debtor $21,000.00 for her federal personal injury exemption (the "Motion"). A copy of the proposed Order is attached to the Application as Exhibit "A."

        **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must: (i) be in writing and state with particularity the legal and factual bases supporting the objection(s); (ii) be electronically filed with the Bankruptcy Court; and (iii) be served upon Thaler Law Firm PLLC, 675 Old Country Road, Westbury, New York 11590 (Attn: David N. Saponara, Esq.), to be received no later than November 27, 2014, at 5:00 p.m.

Dated: Westbury, New York                        THALER LAW FIRM PLLC
       October 31, 2014                             *Attorneys for Andrew M. Thaler,*
                                                               *Chapter 7 Trustee*
                                                               675 Old Country Road
                                                               Westbury, New York 11590
                                                               Phone: (516) 279-6700
                                                               Fax: (516) 279-6722

                                          By:     /s/ David N. Saponara
                                                       David N. Saponara
                                                       dsaponara@athalerlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                                    Chapter 7

Magella Echevarria,                                                           Case No. 8-12-76248-las

                                        Debtor.
---------------------------------------------------------------X

**APPLICATION IN SUPPORT OF THE TRUSTEE'S MOTION SEEKING ENTRY
OF AN ORDER AUTHORIZING THE TRUSTEE TO SETTLE A PERSONAL INJURY
ACTION, PAY SPECIAL COUNSEL ITS COMPENSATION AND REIMBURSEMENT OF
EXPENSES, AND PAY THE DEBTOR HER FEDERAL PERSONAL INJURY EXEMPTION**

**TO:    THE HONORABLE LOUIS A. SCARCELLA
            UNITED STATES BANKRUPTCY JUDGE**

The application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Magella Echevarria (the "Debtor"), by his attorneys, Thaler Law Firm PLLC, respectfully represents:

**RELIEF REQUESTED**

1.      The Trustee brings this contested matter pursuant to Rules 2002, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), E.D.N.Y. Local Bankruptcy Rule 2002-1, and sections 105(a), 330(a), and 522(d)(11)(D) of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of an Order authorizing the Trustee to: (i) settle the Debtor's personal injury action for $150,000.00; (ii) pay the Trustee's special counsel $52,937.69 for compensation and reimbursement of expenses; and (iii) pay the Debtor $21,000.00 for her federal personal injury exemption (the "Motion"). A copy of the proposed Order is attached to this Application as Exhibit "A."

1

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this Motion under sections 157(b)(1) and 1334 of title 28 of the United States Code (the "Judiciary Code") and the Standing Order of Referral of Cases to Bankruptcy Judges in the United States District Court for the Eastern District of New York.

3.      This Motion relates to the main case and is a core proceeding within the meaning of section 157(b)(2).

4.      Venue is proper in this district under section 1409(a) of the Judiciary Code.

**BACKGROUND**

5.      On October 17, 2012 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6.      In Schedule B – Personal Property, the Debtor listed a "PI Action" with a value of $21,000.00 (the "Echevarria Claim"). A copy of the Debtor's Schedule B is attached as Exhibit "B."

7.      In Schedule C – Property Claimed as Exempt, the Debtor claimed an exemption of $21,000.00 for the Echevarria Claim pursuant to section 522(d)(11)(D) of the Bankruptcy Code. A copy of the Debtor's Schedule C is attached to this Application as Exhibit "C."

8.      On November 15, 2012, the Trustee examined the Debtor at the first section 341 meeting of creditors. During the examination, the Trustee and the Debtor discussed the nature of the Echevarria Claim.

9.      The Debtor was injured in a car accident that occurred on or about December 12, 2011.

10.     On February 22, 2012, the Debtor underwent knee surgery, but more than one year later, the pain resurfaced, requiring the Debtor to have knee replacement surgery.

11.     Before the Filing Date, the Debtor retained Chopra & Nocerino, LLP ("C&N"), to represent her in the Echevarria Claim.

12.     On May 12, 2012, C&N commenced the Echevarria Claim in New York State Supreme Court, Nassau County, under Index No. 6541-2012.

13.     After the Trustee examined the Debtor at the section 341 meeting of creditors and discussed the Echevarria Claim with C&N, the Trustee determined that C&N should pursue the Echevarria Claim on behalf of the Estate.

14.     On November 6, 2013, the Trustee filed an Application to Employ C&N as Special Counsel to the Trustee to prosecute the Echevarria Claim (the "Retention Application").

15.     On November 7, 2013, the Court entered an Order granting the Retention Application, authorizing the Trustee to retain C&N as his special counsel to prosecute the Echevarria Claim (the "Retention Order"). A copy of the Retention Order is attached to this Application as Exhibit "D."

16.     After being retained by the Trustee, C&N continued its prosecution of the Echevarria Claim. Specifically, C&N engaged in lengthy discovery, including bills of particulars, examinations before trial, and document demands.

17.     In an attempt to settle the Echevarria Claim, C&N attended a mediation session on October 14, 2014. The mediation session did not prove fruitful.

18.     With the prospect of a trial looming, the defendant in the Echevarria Claim recently offered to settle the matter for $150,000.00 (the "Echevarria Settlement").

19. C&N advises the Trustee that the physicians they consulted to review the Echevarria Claim found weak causal relationships between the accident and the Debtor's knee replacement. C&N also advises the Trustee that, due to the lack of independent witnesses to testify about the circumstances of the accident, it may be difficult to establish liability at trial.

20. Considering the extent of the Debtor's injuries and the costs and risks involved in proceeding to trial, C&N has advised the Trustee that, in its opinion, the Echevarria Settlement is fair and reasonable and in the best interests of creditors and the Estate. Attached to this Application as Exhibit "E" is the affidavit of Alex Nocerino, Esq., a partner of C&N, which explains in detail the reasons supporting C&N's opinion and the work C&N performed to procure the Echevarria Settlement (the "Nocerino Affidavit").

21. Having independently reviewed the Echevarria Claim and considered the opinion of C&N, the Trustee believes that it is in the best interests of creditors and the Estate to accept the Echevarria Settlement.

## APPLICATION

**A. Accepting the Echevarria Settlement Is in the Best Interests of Creditors and the Estate under Bankruptcy Rule 9019**

22. Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

23. "A bankruptcy court may approve a compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 if it 'is fair, reasonable and adequately based on the facts and circumstances before the court.'" In re Rosenberg, 419 B.R. 532, 535 (Bankr. E.D.N.Y. 2009) (quoting In re Hibbard Brown & Co., 217 B.R. 41, 45 (Bankr. S.D.N.Y. 1998)).

24.     "In determining whether a proposed settlement should be approved, a court must determine whether the settlement is in the best interests of the estate and whether it is 'fair and equitable.'" Id. at 536. The court's responsibility is to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)).

25.     In making this determination, the court may consider the opinions of the trustee, the parties, and their attorneys, "but must independently evaluate the reasonableness of the settlement." See In re Rosenberg, 419 B.R. at 536.

26.     For these reasons set forth above and in the Nocerino Affidavit, the Trustee believes that it is in the best interests of creditors and the Estate to accept the Echevarria Settlement in full satisfaction of the Echevarria Claim.

**B.     C&N Is Entitled to Compensation and Reimbursement of its Expenses Pursuant to Section 330(a) of the Bankruptcy Code and the Terms of the Retention Order**

27.     C&N is entitled to compensation for its services as special counsel to the Trustee under section 330(a) of the Bankruptcy Code and the terms of the Retention Order.

28.     Specifically, C&N is entitled to a contingency fee of one-third of the net recovery after deducting the total amount of costs and disbursements.

29.     As detailed in the Nocerino Affidavit, C&N incurred expenses of $4,406.54, leaving a net recovery of $145,593.46. C&N also requests a contingency fee award of $48,531.15, for total compensation and reimbursement of expenses of $52,937.69.

30.     The Trustee respectfully submits that the proposed compensation and reimbursement of expenses to C&N is consistent with section 330(a) of the Bankruptcy Code and the terms of the Retention Order.

**C.     The Debtor Is Entitled to an Exemption in the Echevarria Claim under Section 522(d)(11)(D) of the Bankruptcy Code**

31.     As noted above, in Schedule C – Property Claimed as Exempt, the Debtor claimed an exemption of $21,000.00 for the Echevarria Claim pursuant to section 522(d)(11)(D) of the Bankruptcy Code.

32.     The Trustee has reviewed the Debtor's claim of an exemption in the Echevarria Claim and determined that the he has no grounds on which to object.

33.     Accordingly, the Trustee respectfully requests the Court's authority to pay the Debtor $21,000.00 on account of her exemption in the Echevarria Claim under 522(d)(11)(D) of the Bankruptcy Code.

34.     In accordance with E.D.N.Y. Local Bankruptcy Rule 9013-1(a), the support for the relief requested in this Motion is set forth in this Application and not in any supporting memorandum of law.

35.     The Trustee has not made any prior requests for the relief requested by this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order authorizing the Trustee to: (i) settle the Echevarria Claim for $150,000.00; (ii) pay C&N $52,937.69 for compensation and reimbursement of its expenses under section 330(a) of the Bankruptcy Code and the terms of the Retention Order; and (iii) pay the Debtor $21,000.00 for her exemption in the Echevarria Claim under section 522(d)(11)(D) of the Bankruptcy Code.

| | |
|---|---|
| Dated: Westbury, New York<br>October 31, 2014 | THALER LAW FIRM PLLC<br>*Attorneys for Andrew M. Thaler,*<br>*Chapter 7 Trustee*<br>675 Old Country Road<br>Westbury, New York 11590<br>Phone: (516) 279-6700<br>Fax: (516) 279-6722 |
| | By:   /s/ David N. Saponara<br>        David N. Saponara<br>        dsaponara@athalerlaw.com |